IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ELIZABETH W.,**

    **Plaintiff,**

v.                                        Case No.: 2:23-cv-00807

**MARTIN J. O'MALLEY,**
**Commissioner of the**
**Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Remand pursuant to 42 U.S.C. § 405(g). (ECF No. 5).

On December 22, 2023, Plaintiff Elizabeth W. filed a complaint before this Court seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner') denying her the award of DIB and SSI benefits. (ECF No. 2). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF No. 6). On January 31, 2024, before filing his answer, the Commissioner filed the present motion based on a determination that additional evidence submitted by Plaintiff from a neurologist warranted further review. (ECF No. 5). The Commissioner asserts that Plaintiff's counsel consents to this motion to remand, (*Id.* at 2), and Plaintiff has not filed a response to the motion.

The sixth sentence in 42 U.S.C. § 405(g) provides, in pertinent part, that a district court may, "on motion of the Commissioner of Social Security made for good cause shown

1

before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security." As noted above, the Commissioner has not filed an answer to Plaintiff's complaint. Moreover, the current motion states that the Commissioner will use the remand period to "consider the additional evidence, take further action needed to complete the administrative record, and issue a new decision." (ECF No. 5 at 2). Accordingly, for good cause shown, the Commissioner's motion is **GRANTED,** insofar as it requests that the case be remanded to the Commissioner for further proceedings.

The Supreme Court has noted the "sharp distinction" between a remand pursuant to sentence four of 42 U.S.C. § 405(g), which "terminates the litigation with victory for the plaintiff," and the remand contemplated by sentence six of that statute. *Shalala v. Schaefer,* 509 U.S. 292, 301 (1993). A sentence six remand "does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991). Accordingly, when a district court orders such a remand, "there is no final judgment until [the Social Security Administration ("SSA")] returns to the district court to file SSA's 'additional or modified findings of fact and decision,' 42 U.S.C. § 405(g), and the district court enters a judgment." *Krishnan v. Barnhart,* 328 F. 3d 685, 691 (D.C. Cir. 2003) (citing *Melkonyan,* 501 U.S. at 98). "Depending on whether the SSA issues a favorable decision, the claimant may request that the court review the decision." *Cummiskey v. Comm'r, Social Sec. Admin.,* No. CIV. PJM 11-956, 2012 WL 1431486, at *3 (D. Md. Apr. 24, 2012) (citing *McPeak v. Barnhart,* 388 F. Supp. 2d at 742, 745 n. 2. (S.D. W. VA. 2005)). Accordingly, the appropriate disposition is that the district court "retains jurisdiction over the case but closes it and regards it inactive." *McPeak,* 388 F. Supp. 2d at 745 n. 2.

In this case, the Commissioner's motion contemplates a sentence six, rather than a sentence four, remand. Neither party has requested that this Court make any substantive ruling or enter a "judgment affirming, modifying, or reversing the decision of the Secretary," as defined in sentence four. 42. U.S. C. § 405(g). Instead, the Commissioner makes his request, before filing an answer or any other motions before this Court, seeking a chance to further develop and evaluate the case. The remand motion fits precisely within the contours of sentence six and, as in *Cummiskey,* its language "is squarely at odds with a sentence four remand." 2012 WL 1431486 at *3.

Accordingly, the Court **GRANTS** the Commissioner's motion, insofar as it requests that this case be remanded for a further evaluation of Plaintiff's claim. The Court **REMANDS** Plaintiff's case to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the unopposed motion. [1] The Court **DIRECTS** the Clerk to close this case statistically and place it on the Court's inactive docket, subject to reopening statistically upon motion of either party pending the outcome of the administrative proceedings. **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** February 7, 2024

Cheryl A. Eifert
United States Magistrate Judge

---

[1] Although the Court remands this case, it retains subject matter jurisdiction over the case because the Court is entering a "sentence six remand." *See Travis v. Astrue,* 477 F. 3d 1037, 1039-40 (8th Cir. 2007) (citing *Shalala v. Schaefer,* 509 U.S. 292, 296-301 (1993)).